1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    ALICIA GONZALEZ,

6                          Plaintiff,              NO. C11-00247 TEH

7              v.                                  ORDER RE: MOTION TO
                                                   DISMISS
8    WELLS FARGO BANK, FSB,

9                          Defendant.

10

11        This matter came before the Court on May 9, 2011, on the motion to dismiss filed by

12   Defendant Wells Fargo Bank, FSB ("Defendant" or "Wells Fargo"). For the reasons set forth

13   below, Wells Fargo's motion is GRANTED IN PART and DENIED IN PART.

14

15   **BACKGROUND**

16        Plaintiff Alicia Gonzalez ("Plaintiff" or "Gonzalez") and her husband obtained a

17   $350,000 loan from World Savings Bank, FSB ("World Savings"), on April 28, 2004.[1] The

18   loan was secured by a Deed of Trust on Gonzalez's residence at 346 Holly Avenue, South

19   San Francisco, California ("the home"). At some point after obtaining the loan, Gonzalez's

20   husband quit-claimed the home to Gonzalez as part of a divorce settlement. World Savings

21   eventually changed its name to Wachovia Mortgage, FSB, which became a division of Wells

22   Fargo in 2009.[2]

23   _____

24        [1] On a motion to dismiss, the Court must accept as true all material factual allegations
     in the complaint, as well as any reasonable inferences to be drawn from them. *Ashcroft v.*
25   *Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949-50 (2009); *Broam v. Brogan*, 320 F.3d 1023, 1028
     (9th Cir. 2003).

26        [2] The Court grants Wells Fargo's request for judicial notice of Exhibits C through G,
27   which establish how Wells Fargo came to assume the mortgages owned by World Savings.
     The Court finds that these are true and correct copies of documents reflecting official acts of
     the executive branch of the United States, and that they are judicially noticeable pursuant to
28   Rule 201(b)(2) of the Federal Rules of Evidence. Plaintiff does not oppose Wells Fargo's

United States District Court

For the Northern District of California

1    Gonzalez defaulted on the loan in 2008. In 2009, Wells Fargo permanently modified

2    the loan. Due to problems arising from the divorce settlement, Gonzalez stopped making loan

3    payments in April 2010. Wells Fargo recorded a notice of default on the property on August

4    11, 2010. The notice of default contained a warning based upon California Civil Code

5    section 2924c(e):

6           [Y]ou may have legal right to bring your account in good
            standing by paying all of your past due payments plus permitted
7           costs and expenses within the time permitted by law for
            reinstatement of your account, which is normally five business
8           days prior to the date set for the sale of your property. . . .

9           Following the expiration of the time period referred to [above],
            unless the obligation being foreclosed upon or a separate written
10          agreement between you and your creditor permits a longer
            period, you only have the legal right to stop the sale of your
11          property by paying the entire amount demanded by your creditor.

12   Request for Judicial Notice, Ex. H.[3] The total amount demanded by Wells Fargo was

13   $298,649.02.

14          Wells Fargo recorded a notice of sale on November 15, 2010. The notice of sale

15   indicated that the property would be sold at a trustee's sale on December 6, 2010. Multiple

16   times before the sale, Gonzalez attempted to contact Wells Fargo regarding her late

17   payments. She speaks Spanish, however, and "Wells Fargo failed to provide anyone who

18   could speak Spanish to discuss the matter." Compl. at ¶ 8. Gonzalez's family members also

19   attempted to contact Wells Fargo's Loss Mitigation Department, which was open during

20   business hours, but "the wait times were often lengthy and surpassed their work breaks." *Id.*

21   at ¶ 9. In November 2010, Gonzalez's daughter contacted Wells Fargo and learned that the

22   amount due in order to halt the sale was $15,486.34. Gonzalez sent that amount to Wells

23   Fargo by automatic wire transfer, and the payment was scheduled to arrive on December 6,

24

25   _____

     request for judicial notice.

26
          [3] The Court takes judicial notice of this and other loan documents submitted by Wells
27   Fargo. They are true and correct copies of an official public record of the San Mateo County
     Recorder's Office, and their authenticity is capable of accurate and ready determination by
28   resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

United States District Court
For the Northern District of California

1  2010, the day of the sale. According to the Complaint, this payment has not been returned to

2  Gonzalez.

3       Gonzalez attended the trustee's sale on December 6, 2010. Because no one bid on the

4  home, it reverted to Wells Fargo. Gonzalez filed suit in San Mateo County Superior Court on

5  December 14, 2010, and asked the court to (1) set aside the trustee's sale; (2) cancel the

6  trustee's deed; (3) quiet title; and (4) conduct an accounting. Wells Fargo removed to this

7  court, and now seeks to dismiss Gonzalez's Complaint.

8

9  **LEGAL STANDARD**

10      Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a

11 plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a

12 motion to dismiss, the Court must "accept all material allegations of fact as true and construe

13 the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. County*,

14 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a

15 legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50.

16      A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or

17 the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

18 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff

19 must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

20 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but

21 it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129

22 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that

23 allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with

25 leave to amend unless it is clear that amendment could not possibly cure the complaint's

26 deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

27

28

**United States District Court**
For the Northern District of California

3

**DISCUSSION**

Wells Fargo asks the Court to dismiss Gonzalez's claims seeking to set aside the trustee's sale, cancel the trustee's deed, quiet title, and conduct an accounting. In response, Gonzalez makes a single statutory argument – that she cured her monetary default by wiring money to Wells Fargo on the date of the trustee's sale.

California Civil Code section 2924c(e) provides that "[r]einstatement of a monetary default under the terms of an obligation secured by a deed of trust, or mortgage may be made at any time within the period commencing with the date of recordation of the notice of default until five business days prior to the date of sale set forth in the initial recorded notice of sale." The statute is emphatic as to the importance of this deadline: "Nothing contained herein shall give rise to a right of reinstatement during the period of five business days prior to the date of sale . . . ." Cal. Civ. Code §2924c(e). The statute goes on to say that "[a]ny right of reinstatement created by this section is terminated five business days prior to the date of sale . . . ." *Id.*

Wells Fargo argues that Gonzalez's admitted failure to meet the deadline described in California Civil Code section 2924c(e) rendered her attempt at reinstatement ineffective. In the past, California courts have upheld similar tender deadlines contained in the nonjudicial foreclosure statutes. *See Py v. Pleitner*, 70 Cal. App. 2d 576, 581 (1945) ("We have been unable to find any evidence that a sufficient tender was made, or that any tender was made within the period of three months following the date of recordation of notice of default, as required by section 2924c of the Civil Code."). "The doctrine of tender has been . . . summarized in this fashion: 'The rules which govern tenders are strict and are strictly applied, and where the rules are prescribed by statute or rules of court, the tender must be in such form as to comply therewith.'" *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003) (quoting *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988)). Gonzalez is correct that section 2924c(e) "does not prohibit a cure between the five days prior to the date of the sale and the sale itself." Opp'n at 6:17-18. Yet while nothing in section 2924c(e) would prohibit Wells Fargo from accepting Gonzalez's reinstatement

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1  during those five days, the statute clearly states that Gonzalez's right to reinstatement

2  terminates five business days before the date of sale.

3      The question remains as to whether Wells Fargo did accept Gonzalez's reinstatement,

4  thereby losing the right to foreclose. "Foreclosure of a deed of trust may be challenged on the

5  same kinds of grounds that are potentially available as defenses against enforcement of an

6  ordinary obligation, *e.g.*, unenforceability under the Statute of Frauds, failure of

7  consideration, or fraud." 1 Roger Bernhardt, *California Mortgages, Deeds of Trust, and*

8  *Foreclosure Litigation* § 7.29 (4th ed. 2011). At oral argument, Wells Fargo conceded that if

9  it had accepted Gonzalez's payment on December 6, 2010, it might have waived the

10 reinstatement deadline and given up its right to foreclose on the home. "[T]he well-known

11 rule regarding waiver of contractual requirements [is that a] party to a contract may by

12 express agreement or by his own course of conduct waive his legal right to insist on strict

13 performance of the covenants of the contract. . . ." 13 *Williston on Contracts* § 39:27 (4th ed.

14 2011) (quotations omitted, alterations in original). Wells Fargo argues that waiver does not

15 apply here because Wells Fargo did not accept Gonzalez's payment and the money she sent

16 by wire transfer is not in Wells Fargo's possession. However, the Court must confine its

17 analysis to the Complaint's allegations. According to the Complaint, "[o]n or about

18 December 6, 2010, GONZALEZ paid Wells Fargo $15,486.34 by automatic wire transfer. . .

19 . The payment has not been returned to GONZALEZ." Compl. ¶ 14. Because Gonzalez has

20 pleaded facts that raise an inference that Wells Fargo accepted payment and waived the

21 reinstatement deadline, the Court cannot conclude that Gonzalez has failed to state a claim to

22 set aside the trustee's sale or cancel the trustee's deed. Wells Fargo's motion as to these

23 claims is DENIED.

24     The Court asked Gonzalez at oral argument whether she wished to make any other

25 argument in defense of her quiet title and accounting claims. She raised none.[4] To assert a

26
27     [4] Gonzalez did submit a consent order issued by the U.S. Department of the Treasury on March 31, 2011, requiring Wells Fargo to review foreclosures conducted between January 1, 2009, to December 31, 2010. Even if it were appropriate for the Court to consider this
28 document in deciding this motion, the order is irrelevant as to whether Gonzalez states a

5

United States District Court

For the Northern District of California

quiet title action, Plaintiffs must file a verified complaint that includes: "(a) a description of the property; (b) plaintiff's title as to which a determination is sought; (c) the adverse claims to the title; (d) the date as to which the determination is sought; and (e) a prayer for the determination of title." *Green v. Alliance Title*, No. CIV S-10-0242, 2010 WL 3505072, at *14 (E.D. Cal. Sept. 2, 2010) (paraphrasing Cal. Civ. Proc. Code §761.020). Gonzalez's claim is not verified, and Wells Fargo's motion to dismiss this claim is therefore GRANTED. The claim is DISMISSED WITHOUT PREJUDICE.

"To state a claim for an accounting, a plaintiff must allege: (1) a fiduciary relationship or other circumstances appropriate to the remedy; and (2) [a] balance due from the defendant to the plaintiff that can only be ascertained by an accounting." *Horton v. Cal. Credit Corp.*, No. 09-cv-274, 2009 WL 2488031, at *13 (S.D. Cal. Aug. 13, 2009) (citing 5 Witkin, Cal. Proc. 5th (2008) Pleading § 820). Gonzalez has not alleged a fiduciary relationship with Wells Fargo. In California, "a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists." *Resolution Trust Corp. v. BVS Development, Inc.*, 42 F.3d 1206, 1214 (9th Cir. 1994) (citing *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)). No special circumstance or joint venture is alleged here. Nor has Gonzalez offered any facts showing "circumstances appropriate to the remedy" of an accounting. *See Horton*, 2009 WL 2488031, at *13. Wells Fargo's motion to dismiss Gonzalez's accounting claim is therefore GRANTED, and the claim is DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

Wells Fargo's motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Gonzalez's quiet title and accounting claims, which are DISMISSED WITHOUT PREJUDICE. The motion is DENIED as to Gonzalez's claims to

claim for quiet title or accounting.

set aside the trustee's sale and cancel the trustee's deed. An amended complaint, should

Gonzalez choose to amend, shall be filed no later than June 20, 2011.

**IT IS SO ORDERED.**

Dated: 5/17/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

7